IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA ROSHAL KILGORE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0060 |
| | § | |
| FEDEX PACKAGING SYSTEM, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.     Background**

This is a negligence action arising out of a car accident that occurred on Interstate 57 in Iroquois County, Illinois. The plaintiffs, Yolanda Roshal Kilgore, Patricia Kilgore, Melanie Kilgore, and Ryan Robert McClain, are residents of Harris County, Texas. The defendants are FedEx Ground Package System, Inc. ("FedEx"), a shipping company, and Israel Velez, a FedEx employee. Velez is a resident of Cook County, Illinois. The plaintiffs allege that on May 7, 2010, the vehicle in which they were traveling was hit from behind by a FedEx truck driven by Velez. As a result of the collision, the plaintiffs lost control of their vehicle and were seriously injured when the vehicle entered a ditch on the right side of the road. The plaintiffs claim that Velez's negligent operation of the FedEx truck caused the accident. They sued Velez and FedEx in the Southern District of Texas to recover damages, invoking diversity jurisdiction under 28 U.S.C. § 1332 and alleging a cause of action for negligence.

The defendants filed two motions to dismiss, raising identical arguments. (Docket Entries No. 3 & 10). The defendants argue that this case should be dismissed without prejudice under

Federal Rule of Civil Procedure 12(b)(3) because venue is improper in the Southern District of Texas. Alternatively, the defendants ask this court to transfer the case under 28 U.S.C. § 1406(a) to the Central District of Illinois, where venue is proper. The plaintiffs filed a response and an amended response. (Docket Entries No. 4 & 12). Without addressing the defendants' argument that Illinois is the only state where venue is proper under 28 U.S.C. § 1391(a), the plaintiffs contend that "the more convenient forum would be Texas," where all of the plaintiffs reside. The plaintiffs argue that transferring the case to Illinois would cause them "undue hardship" because they "have limited financial resources to travel for their depositions and for trial." (Docket Entry No. 12, at 2).

The court heard oral argument on the motions. Based on the pleadings; the motions, responses, and reply; the arguments of counsel; and the relevant law, this court conditionally grants the defendants' motions to dismiss. Given the current line-up of the defendants, venue is not proper in the Southern District of Texas. But the parties have not addressed whether venue would be proper in this district if the plaintiffs nonsuited Velez from this case. By **December 2, 2011**, the plaintiffs may file an amended complaint dismissing the claim against Velez. If the plaintiffs do not file an amended complaint, the case will be transferred to the Central District of Illinois, Urbana Division. If the plaintiffs do file such an amended complaint, the defendants may file a motion to dismiss or transfer explaining why they believe venue remains improper here or whether the case should be transferred even if it is proper here. The motion must be filed by **December 15, 2011**. The reasons for these rulings are explained below.

## II.  Analysis

When federal jurisdiction is based on diversity, venue is proper "only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which

a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). None of the three subsections of § 1391(a) applies in this case.

Velez resides in Cook County, Illinois; he does not reside in Texas. Venue is improper in the Southern District of Texas under § 1391(a)(1) because not all of the defendants reside in this district. *See Hatala v. Morey's Pier, Inc.*, No. Civ. A. 03-4952, 2004 WL 1699612, at *2 (E.D. Pa. July 29, 2004) ("Though the defendants concede that [the corporate defendant] may be deemed a resident of the Eastern District [of Pennsylvania] pursuant to § 1391(c), they point out that a female medic who the plaintiff intends to name as a defendant [resides] in Long Island City, New York . . . . [U]nder § 1391(a)(1), venue in the Eastern District of Pennsylvania would be improper, because all of the defendants do not reside here."); *cf. Dorman v. Thornburgh*, 740 F. Supp. 875, 879 (D.D.C. 1990) ("Clearly all of the defendants do not reside in the District of Columbia and accordingly venue would only be proper here if plaintiffs' claim arose in the District of Columbia.").

Venue in the Southern District of Texas is also improper under § 1391(a)(2). The event that gave rise to the plaintiffs' claim was Velez's allegedly negligent operation of the Fedex truck. Because this event, and the resulting car accident, occurred in Iroquois County, Illinois, the Central District of Illinois is the "judicial district in which a substantial part of the events . . . giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). *See Forlastro v. Collins*, No. 07 Civ. 3288(RPP), 2007 WL 2325865, at *3 (S.D.N.Y. Aug. 14, 2007) ("In cases specifically dealing with car accidents between residents of different states, the location of the accident is the determinative factor used by the courts in deciding where the 'substantial part of the events giving rise to the claim' occurred.").

The fact that the plaintiffs received part or most of their medical care in Houston, Texas does not make the Southern District of Texas the proper venue. *See Arriaga v. Imperial Palace, Inc.*, 252 F. Supp. 2d 380, 387–88 (S.D. Tex. 2003) (holding, in a personal injury action, that the plaintiff's receiving most of her relevant medical care in the district in which the lawsuit was filed did not render venue in that district proper when the incident giving rise to the injury had occurred out of state); *Smith v. Fortenberry*, 903 F. Supp. 1018, 1020–21 (E.D. La. 1995) ("Smith's claim that his treatment in Louisiana should be considered as the substantial part of the events giving rise to the claim is misplaced because the injury he sustained from the accident [in Mississippi] is the defining event, not the hospitals or physicians' offices where he obtained treatment."). And because venue is proper in the Central District of Illinois under § 1391(a)(2), § 1391(a)(3) does not apply.

The plaintiffs do not argue that venue is proper in the Southern District of Texas under § 1391(a). Instead, they argue that the factors courts consider when deciding whether to transfer venue under 28 U.S.C. § 1404(a) weigh against transferring this case. The plaintiffs contend that a transfer to Illinois would cause them undue hardship because they have limited financial resources and that Texas is the more convenient forum, both because they reside here and because most of the medical records related to the accident are located in this state. Section 1404(a) permits a district court to transfer any civil action *brought in a proper judicial district* to any other district where the case could have been brought, if the transfer serves "the convenience of parties and witnesses [and is] in the interest of justice." 28 U.S.C. § 1404(a); *see Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964) ("Although both sections were broadly designed to allow transfer instead of dismissal, § 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid, whereas, in contrast, § 1404(a) operates on the premises that the plaintiff has properly exercised his venue

privilege."). By arguing that transfer under § 1404(a) is not warranted in this case, the plaintiffs have ignored § 1391(a), which precludes bringing a civil action in a judicial district where venue is improper. *See* 28 U.S.C. § 1391(a) (stating that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought *only in* [certain judicial districts specified in the statute]" (emphasis added)). Notwithstanding the hardship of litigating in Illinois or the convenience of litigating in Texas, venue in the Southern District of Texas is not proper under § 1391(a).

When venue is improper in the district where the case is filed, a court may, "if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought" rather than dismiss the case. 28 U.S.C. § 1406(a). Because the plaintiffs could have brought their action in the Central District of Illinois, this court could transfer the case to that district under 28 U.S.C. § 1406(a). But the parties have not addressed whether venue would be proper in the Southern District of Texas if Velez was dismissed. Under the federal venue statute, a corporation "is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *Id.* § 1391(c). "Because large corporations . . . often have sufficient contacts to satisfy the requirement of § 1391(c) for most, if not all, federal venues, the general venue statute 'has the effect of nearly eliminating venue restrictions in suits against corporations.'" *In re Volkswagen of America, Inc.*, 545 F.3d 304, 313 (5th Cir. 2008) (quoting 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3802 (3d ed. 2007)).

By **December 2, 2011**, the plaintiffs may file an amended complaint dismissing the claim against Velez. If the plaintiffs do not file an amended complaint, the case will be transferred to the Central District of Illinois, Urbana Division. If the plaintiffs do file such an amended complaint, the defendants may file a motion to dismiss or transfer explaining why they believe venue remains

improper here or whether the case should be transferred even if it is proper here. The motion must be filed by **December 15, 2011**.

SIGNED on November 15, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge